UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sun Products USA, LLC,

      Plaintiff,

v.                                                                                                          No. 11-cv-2107 (JNE/JJG)
                                                                                                           ORDER

Chemical Light, Inc.,

      Defendant.

      Plaintiff brings suit under 28 U.S.C. §§ 2201 and 2202 to obtain a declaratory judgment of patent invalidity and noninfringement. Defendant moves to quash service of the summons and dismiss the complaint due to Plaintiff's failure to properly serve the summons and complaint and failure to prosecute under Federal Rules of Civil Procedure 4(m), 12(b)(4), 12(b)(5), and 41(b). The Court cancelled the hearing scheduled on this motion and issues this Order based on the parties' written submissions.

      Plaintiff brought its complaint on July 27, 2011 while it was represented by counsel, but did not serve a summons and complaint on Defendant. On October 27, 2011, Plaintiff's attorneys filed a motion to withdraw from representation without substitution, explaining that they had received written notice from Plaintiff's representative, John Gill, that their representation was terminated. Magistrate Judge Graham granted the attorneys' motion to withdraw in an Order dated November 8, 2011. The Order instructed Plaintiff that a limited liability company cannot appear in federal court pro se and ordered that Plaintiff obtain substitute counsel by December 9, 2011 and properly serve its summons and complaint on Defendant by December 23, 2011. On November 29, 2011, John Gill served a summons (dated November 21, 2011) with an altered complaint (dated November 22, 2011) on Defendant. The attached complaint differed from the

1

one filed with the Court in that the attorney signature line was blank and "John Michael Gill, pro se" was written at the bottom and the date "11/22/11" was written on the date line.

Defendant filed this motion on December 13, 2011 after the Court's deadline for substitution of attorney had passed. But Defendant did not mail a copy of its motion to Plaintiff. On January 9, 2012 attorney Claude Anderson entered his notice of appearance on behalf of Plaintiff.

If a defendant was improperly served with a summons and complaint, the Court lacks jurisdiction over that defendant "whether or not it had actual notice of the lawsuit." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996). "[D]ismissal [is not] invariably required where service is ineffective: under such circumstances, the court has discretion to either dismiss the action, or quash service but retain the case." *Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir. 1976). Defendant argues it was not properly served in accordance with Rule 4 of the Federal Rules of Civil Procedure, and thus, the complaint should be dismissed. Plaintiff responds that it did not receive proper service of Defendant's motion to dismiss, and therefore, Defendant's motion must be denied.

Local Rule 5.4 provides that "the notice of electronic filing generated by the court's electronic transmission facilities constitutes a certificate of service with respect to those persons to whom electronic notice of the filing is sent." D. Minn. LR 5.4. When a party files a document on the Electronic Case Filing (ECF) system, notice is automatically e-mailed to those parties who are registered to receive e-mail notice. For those parties not registered to receive e-mail notice, the filing party still bears the burden of serving the documents and notice of filing in some other method. *See* Fed. R. Civ. P. 5(b). The Court's Civil Electronic Case Filing Procedures Guide, 2011 (ECF Guide)—which is referenced in Local Rule 5.1(a)—further

explains how to determine if a party is registered to receive electronic notice; and if not, how to obtain the mailing address for that party. (ECF Guide, p. 10 and n.7).

At the time Defendant filed this motion, Plaintiff was not registered to receive e-mail notice. One reason that Plaintiff was not registered for e-mail notice is because it had failed to follow the Court's November 8, 2011 order and obtain counsel. Moreover, the summons and complaint served on Defendant on November 29, 2011 did not include Plaintiff's address—only the address for its then terminated attorneys. Rule 4(a)(1)(C) of the Federal Rules of Civil Procedure requires that the summons include the Plaintiff's address. Fed. R. Civ. P. 4(a)(1)(C). Defendants also argue that the Notice of Electronic Filing (NEF) generated by the Clerk's office—that stated "[n]otice has been delivered by other means to:" and then lists Plaintiff's address—misled it to believe that the Clerk of Court's office mailed notice to Plaintiff. Considering the circumstances, it is not surprising that Defendant failed to properly serve its motion on Plaintiff. Nevertheless, Defendant should have mailed its motion and notice of motion to Plaintiff at the mailing address listed on the ECF system.

First, Plaintiff did not properly serve its complaint on Defendant. Then, Defendant did not properly serve its Motion to Quash Service of Summons and to Dismiss Complaint on Plaintiff. Because both parties have failed to follow the rules regarding service, the Court denies Defendant's motion to dismiss, and instead quashes service of the summons to allow Plaintiff one more attempt to properly serve Defendant with its summons and complaint.

Based on the files and records, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's Motion to Quash Service of Summons and to Dismiss Complaint [Docket No. 6] is DENIED.

2. Service of the summons and complaint [Docket No. 10, 14] is QUASHED.

3. Plaintiff has an extension of 30 days after entry of this Order to properly serve Defendant with its complaint.

Dated:  March 14, 2012

    s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge